UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, ) <br> U. S. Department of Labor, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TMIRS ENTERPRISES, LTD., d/b/a ) <br> TAX MASTERS ) <br> ) <br> and ) <br> ) <br> PATRICK R. COX, individually, ) <br> ) <br> Defendants. ) | Cause No. 4:10-cv-5170 |

## CONSENT JUDGMENT

Plaintiff has filed her complaint and Defendants, without admitting they have violated any provision of the Fair Labor Standards Act of 1938, have agreed to the entry of judgment without contest. It is, therefore, upon motion of the Plaintiff and for cause shown,

ORDERED that Defendants TMIRS Enterprises, Ltd. and Patrick R. Cox, their officers, agents, servants, employees and all persons in active concert or participation with them be permanently enjoined from violating the provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et seq., hereinafter referred to as the Act, in any of the following manners:

  1.  Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation

for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

    2.    Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve accurate records of the persons employed by them, and the wages paid, hours worked and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Employment Standards Administration, United States Department of Labor (29 C.F.R. Part 516).

IT IS FURTHER ORDERED that Defendants are to pay overtime in the amount of $433,712.69, plus interest computed at the rate of one (1) percent, which is due to Defendants' employees named in Exhibit "A" for the period July 14, 2007 through June 12, 2010. Defendants shall pay this amount pursuant to and in compliance with the express terms of the Installment Agreement, executed by the parties on December 9, 2010, attached hereto as Exhibit "B" and incorporated by reference as if fully set forth herein.

Plaintiff shall make appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions. In the event that any of the money cannot be distributed and paid by Plaintiff within three (3) years because of inability to locate the proper persons or because of their refusal to accept, the money shall be deposited with the Treasurer of the United States.

In the event of default by Defendants, the total balance shall then become due and interest shall be assessed against the unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.

The right of Defendants' employees not specifically named in Exhibit "A" to bring an action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), shall be restored and

neither the filing of this action nor the entry of this judgment shall bar an action, and the statute of limitations in such action shall be deemed tolled from July 14, 2007 through June 12, 2010. The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of the Secretary of Labor, or any employees of Defendants, in any action filed by the Secretary of Labor, or by an employee, under the Act covering violations alleged to have occurred after June 12, 2010.

Each party agrees to bear his or her own attorneys' fees, costs and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this _____ day _____, 201_.

_____
UNITED STATES DISTRICT JUDGE

| Defendants consent to entry of this judgment: | Plaintiff moves for entry of this judgment: |
|---|---|
| TMIRS ENTERPRISES, LTD., d/b/a TAX MASTERS | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>JAMES E. CULP<br>Regional Solicitor |
| s/ Scott Newar<br>SCOTT NEWAR<br>Newar Law Firm<br>700 Louisiana, Suite 2550<br>Houston, Texas 77002<br>Telephone: (713) 228-7920<br>Facsimile: (713) 226-7181 | MARGARET TERRY CRANFORD<br>Counsel for Wage and Hour<br><br>s/ Christopher L. Green<br>CHRISTOPHER L. GREEN<br>Attorney |
| PATRICK R. COX, Individually<br><br>s/ Patrick R. Cox<br>PATRICK R. COX | U.S. Department of Labor<br>Office of the Solicitor<br>525 S. Griffin St. Suite 501<br>Dallas, Texas 75202<br>Telephone: (972) 850-3100<br>Facsimile: (972) 850-3101 |

# EXHIBIT A

1. Adams, John Houston,
2. Adams, Robert
3. Adams, Steven
4. Anderson Miller, Renee
5. Arastu, Teresa
6. Arline, James
7. Ashie, Roark
8. Askew, Michael
9. Autrey, Joseph
10. Banks, Deekeisha
11. Bartholomew, Nicole
12. Barton, Michael
13. Bath, Rachel
14. Beadle, Jawara
15. Bealer III, Laurence
16. Bean, Darren
17. Beard, Oscar
18. Beasley, Charles
19. Bernstien, Emmanuel
20. Beverly, Nathaniel
21. Bishop, William
22. Bland, David
23. Blaschke, Keith
24. Bolerjack, Marinela
25. Bowman, Brandy
26. Boyd, Celestine
27. Brisebois Mark
28. Burns, Linda
29. Cabaj, David
30. Cabaj, George
31. Caesar, Tiffany
32. Caldwell, Martha
33. Campbell, Loretta
34. Campbell, Tiffany
35. Catchings, Harvey
36. Cedillo, Octavio
37. Cisnerors, David
38. Cooper, Anthony
39. Copeland, Tony
40. Cox, Casey
41. Craig, La'Keisha
42. Cushinberry, Candis
43. Dingle, Kenneth
44. Dolley, Terence
45. Durrett, Otis
46. Earl, Kristeena
47. El Amin, Rasheed
48. Evans, Lisa
49. Fatty, Bubacarr
50. Fonseca, Arturo
51. Freedman, Tom
52. Gamache, Phillip
53. Gardner, Ralph
54. Givens, Damaris
55. Gonzalez, Yvette
56. Gordon, Brian
57. Goyen, Robert
58. Grady, Pamward
59. Greaves, Tyrone
60. Grigsby, Donetrica
61. Guardiola, Carlos
62. Hamilton, Amber
63. Hamilton, Lori
64. Hamilton, Rachel
65. Hamilton, Samuel
66. Harris, Kiana
67. Harrison, De"ick
68. Harrison, Latoya
69. Hayes, Christal
70. Hightower, Alvina
71. Hill, Felecia
72. Hinojosa, Luis
73. Hunter, Antoinette
74. Hunter, Delmer
75. Hurrington, Norman
76. Hyde, Kevin
77. Jackson, Kendrick
78. Jackson, Michael
79. Jacobs, Tiffany
80. James, Gregory
81. Johnson, Keith
82. Johnson, Melody
83. Johnson, Paulette
84. Johnson, Toddrick
85. Johnson, Warren
86. Jones, Bianca
87. Julian, LaTonya
88. King, Keandra
89. King, Kenitra
90. Kizilbash, Najam
91. Laurier, Kurt
92. Lawson, James

# EXHIBIT A

| | | | |
|---|---|---|---|
| 93. | Lee, Thomas | 139. | Scott, Margie |
| 94. | Long, Jeremy | 140. | Smith, Michael |
| 95. | Lozano, Lucy | 141. | Smith, Tyrone |
| 96. | Lynch, Jermaine | 142. | Sorell, Janabeth |
| 97. | Maciel, Christian | 143. | South, Paul |
| 98. | Martin, Juanita | 144. | Stanfill, Marcus |
| 99. | Mashiri, Lawson | 145. | Staples, Christy |
| 100. | Mashongamhende, Obediah | 146. | Steele, Dexter |
| 101. | Matus, Shannon | 147. | Stein, Christina |
| 102. | Mayberry, Rodney | 148. | Stewart, Cowana |
| 103. | McCallister, Cory | 149. | Sutten, Grover |
| 104. | McCullough, George | 150. | Sutton, Grover |
| 105. | McDonald, Lester | 151. | Swinford, Tena |
| 106. | Mejia, Rocio | 152. | Tan, Edward |
| 107. | Mintzer, Martin | 153. | Tannery, Michael |
| 108. | Morales, Andrew | 154. | Thacker, John |
| 109. | Morales, Ester | 155. | Thomas, Sheila |
| 110. | Morehead, Adele | 156. | Thompson, Tommy |
| 111. | Morgan, Cecil | 157. | Tollett, Jayme |
| 112. | Nesbitt, Terence | 158. | Troung, Jasmine |
| 113. | Nichols, Nikita | 159. | Twyman, Marc |
| 114. | Ogene, Julius | 160. | Uwadiae, Noah |
| 115. | Orion, Demethra | 161. | Venegas, Celsa |
| 116. | Otems Raymond, | 162. | Vining, Stephen |
| 117. | Palacios, Donald | 163. | Walker, Angela |
| 118. | Palacios, Samuel | 164. | Walker, Latanya |
| 119. | Parker, Kimberly | 165. | Waller, Quincy |
| 120. | Partridge, Colin | 166. | Warren, Jodie |
| 121. | Patel, Sapna | 167. | Welder, David |
| 122. | Perry, Michele | 168. | West, Johnathan |
| 123. | Pesquera, David | 169. | Wheaton, Natasha |
| 124. | Phillips, James | 170. | Williams, Adriane |
| 125. | Pichon, Garrett | 171. | Williams, Barbara |
| 126. | Pratt, Kenneth | 172. | Williams, Dottie |
| 127. | Provost, Lance | 173. | Williams, Durwyn |
| 128. | Purdy, James | 174. | Williams, Evelyn |
| 129. | Ray, Tremaine | 175. | Williams, Kenon |
| 130. | Richards, Brian | 176. | Wooten, Gary |
| 131. | Ridgeway, Vickie Ann | 177. | Wynn, Adrian |
| 132. | Rodriguez, Alejandro | 178. | Youngblood, Andrew |
| 133. | Rodriguez, Alex | | |
| 134. | Ruiz, Antonio | | |
| 135. | Sage, Ronald | | |
| 136. | Salazar, Armando | | |
| 137. | Sandoval, Gabriela | | |
| 138. | Schrei, Leon | | |

UNITED STATES DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION

IN THE MATTER OF: Tax
Masters

BACK WAGE COMPLIANCE AND PAYMENT AGREEMENT

This agreement is entered into 12/08/2010 by and between the Secretary of Labor, United States Department of Labor (hereinafter referred to as "the Secretary"), and Tax Masters (hereinafter referred to as "the employer").

The Secretary, through Investigator Callihan of the Wage and Hour Division, United States Department of Labor, conducted an investigation of the employer's business under the Fair Labor Standards Act. The main office of the employer is located at 900 Town & Country Lane, Suite 400, Houston TX 77024. The investigation covered the employer's operations from 10/07/2006 to 10/25/2009.

As a result of that investigation monetary violations were found resulting in 178 employee(s) due back wages in the amount of $433,712.69.

In order to resolve this matter, the parties to this Agreement stipulate and agree to the following:

1. The employer represents that it is presently in full compliance with all applicable provisions of the Fair Labor Standards Act, and will continue to comply therewith in the future.
2. The employer agrees to pay the back wages due the employees in question in the amounts shown for the periods indicated on the Summary of Unpaid Wages and the Listing of Payments by Employee both of which are attached hereto and made a part hereof. Plaintiff has filed her complaint and Defendants, without admitting they have violated any provision of the Fair Labor Standards Act of 1938, have agreed to the entry of judgment without contest.
3. Tax Masters agrees to pay directly to the employees the amounts due (less legal payroll deductions) on or before each payment date set forth in the Schedule of Payments below and to deliver to the Secretary's representative by the 8th of each month evidence of payment including any signed WH-58 receipt forms the employer has received at that time.

Amounts and payment due dates under the Installment Agreement are set forth in the Schedule of Payments below:

Initial Payment: $50,000.00

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 01/08/2011 | $47,824.37 | $319.76 | $48,144.13 |
| 2 | 02/08/2011 | $47,864.22 | $279.91 | $48,144.13 |
| 3 | 03/08/2011 | $47,904.11 | $240.02 | $48,144.13 |
| 4 | 04/08/2011 | $47,944.03 | $200.10 | $48,144.13 |
| 5 | 05/08/2011 | $47,983.98 | $160.15 | $48,144.13 |
| 6 | 06/08/2011 | $48,023.97 | $120.16 | $48,144.13 |
| 7 | 07/08/2011 | $48,063.99 | $80.14 | $48,144.13 |
| 8 | 08/08/2011 | $48,104.02 | $40.09 | $48,144.11 |

Payment No. Date Due Amount Due Interest Due Total Due
Totals: $383,712.69 $1,440.33 $385,153.02

## EXHIBIT B

4. The employer has the right to prepay the installment agreement in part or in full at any time without penalty. The employer also has the right to make additional payments towards the principal on any installment due date, but if the employer exercises this privilege, it will not excuse payments due in subsequent months.

5. Should the employer fail to make any agreed payment as scheduled, the entire unpaid balance will immediately become due and payable, together with such additional collection and court costs as may be incurred by the U.S. Department of Labor in pursuing collection.

6. The employer agrees to provide the Secretary's representative with a listing of all unlocated employees, their last known address, social security number (if possible), and their gross and net amounts due as soon as the employer determines that they are unable to locate an employee due back wages, but no later than 30 days from the employer's initial attempt to pay that employee. The District Office will notify the employer when a person has been located to issue a check. The employer should indicate what means were used to attempt to locate the employee.

7. In the event that any employees cannot be located, or refuse to accept the back wages, the employer agrees to deliver to the Secretary's representative a cashier's or certified check, payable to "Wage and Hour Division - Labor" to cover the total net due all such employees on or before 11/06/2011. After three years, any monies which have not been distributed because of inability to locate the proper persons or because of their refusal to accept payment shall be covered into the Treasury of the United States as miscellaneous receipts.

8. The employer agrees to provide the Secretary's representative no later than 11/06/2011 any remaining signed WH-58 receipt forms not yet provided to Wage and Hour or a canceled check (or some reasonable facsimile) for every person the employer has paid per this agreement.

9. The employer hereby waives all rights and defenses which may be available by virtue of statute of limitations, including but not limited to section 6 of the Portal-to-Portal Act (29 U.S.C. 255).

10. This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Improvement Act of 1996 and departmental policies. Interest will be assessed at the Treasury Tax and loan account rate on any principal that becomes delinquent. This rate is currently 1.0 %. Administrative cost charges will be assessed to help defray the Government's cost. A penalty at the rate of 6.0 % will be assessed on any portion of the debt remaining delinquent for more than 90 days.

11. In the event of default, the Department intends to pursue additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

12. Any rights to challenge or contest the validity of this Agreement are hereby waived.

13. By entering into this agreement, the Wage Hour Division does not waive its right to conduct future investigations under the Fair Labor Standards Act and to take appropriate enforcement action, including assessment of civil money penalties, with respect to any violations disclosed by such investigations.

Approved by the following parties:

Tax Masters UNITED STATES DEPARTMENT OF LABOR BY ITS OFFICER WAGE AND HOUR DIVISION

Title_____ _[signature: Robin R Mallett]_ District Director

Dated:_____ Dated: 12/16/2010

For TMILS Enterprises Ltd
by Patrick Cox
its President
_[signature]_